and we'll hear from Mr. Barton. Good morning, your honors. I'm George Barton. I'm appearing on behalf of the appellants today. The first issue I want to address is what is the effect on this appeal of the Colorado Energy and Carbon Management Commission's November 7, 2023 order, which determined that the commission, which was formerly known as the Colorado Oil and Gas Conservation Commission, what was the effect of their order declining jurisdiction over the plaintiff's breach of contract claims against Noble and Kermagee? So you're arguing that because you've exhausted your administrative remedies after the fact, after filing this case and after it being dismissed, that somehow it resurrects it? Well, yes. I mean, your honor, we were in the process of attempting to exhaust our administrative remedies with the commission before Boulter 4, this case is referred to in the briefs as Boulter 4, before that case was ever filed. And so in the course of doing that, that was a long-winded process because the commission decided, at the request of the defendants, to stay the commission proceeding pending the outcome of the Colorado Supreme Court appeal in the, it was called Airport Land versus Antero Resources. And so after that decision was issued by the Colorado Supreme Court, the stay of the commission proceeding was lifted. And then the hearing officer for the commission made really two recommendations, one being that the commission did not have jurisdiction over the royalty owner, the plaintiff's breach of contract claims against the two defendants. And the second recommendation from the hearing officer was that the plaintiff's claims were not barred by the doctrine of res judicata, so that the commission could make a determination of its jurisdiction. So then, and that order was issued before the commission took the matter up and issued its final decision on November 7, 2023. And so at that point, when that order was issued on November 7, 2023, the plaintiffs had then fully complied with the order of Judge Martinez in Boulter 1, that plaintiffs were required to exhaust their administrative remedies with the commission. So if you prevail here and we say that it shouldn't have been dismissed with prejudice, what that says to me is that you now have jurisdiction and you can file in the district court. But it certainly doesn't say to me, because we assess jurisdiction at the time the case is filed, that you somehow retroactively can resurrect a case that was dismissed for lack of jurisdiction. I mean, if we're having a civil procedure test right now. Well, I think as we've explained in our briefs, you know, that the Boulter 1 was filed and then we filed the subsequent cases, Boulter 2, Boulter 3, and Boulter 4, based upon the Colorado statute that we've discussed at some length in the briefs, which is Colorado Revised Statute 13-80-111, which says, and I'm just going to read it. Before you do that, I want to follow up where Judge Kueh was, because I think what she's saying is we only have one issue in front of, well, there's two issues, and one is about the dismissal with prejudice, which may offer you some hope here. But the main issue we've got is whether the jurisdictional determination in Boulter 1, whether we can reconsider that because of the Colorado Supreme Court's decision in Entero. And we can't because Entero was decided after you filed this case, Boulter 4, I think it is. I think we're on Boulter 6 now. I'm not sure. And if we resolve that issue against you, there's nothing else to consider other than whether the dismissal should have been with prejudice. Well, I think, Your Honor, what we are, what I'm communicating is, is that effectively those issues, whether the decision in airport land negated the plaintiff's obligation to exhaust their administrative remedies with the commission, all of that has been rendered moot by the fact that the commission has now determined that it does not have jurisdiction over the plaintiff's breach of contract claims against the defendants. Which means that if you're not barred because it was dismissed with prejudice, you could now file in the district court because now you've exhausted your administrative remedies by first going to the commission and having the commission decline jurisdiction, which opens the door for you in district court to file in Boulter 6, Boulter 7? Boulter 5, it would be. Okay. But it doesn't do anything here. Because, you know, it doesn't. You have not yet exhausted your administrative remedies when you filed this action. And so if the court was correct that the airport land decision didn't affect that, then it doesn't help you that you've now exhausted as to this case. But if you prevail on the second issue here on with or without prejudice, you now can go to the district court. That's one way of approaching it procedurally. I agree, Your Honor. It's the only way I can think of, of approaching it procedurally. Well, as to the issue of dismissal with prejudice, as we discussed in our brief, the only issues that the district court in this case considered was the issue of whether or not the court had subject matter jurisdiction because the plaintiffs had not completed their exhaustion of administrative remedies with the commission. Okay. Judge McHugh, on that point, and I think you may be segwaying to the second issue, but before you do that, I want to intertwine that answer with Judge McHugh's earlier question. Don't you, because the court in Bolter 1 did treat exhaustion as an attribute of subject matter jurisdiction, Judge McHugh had earlier asked, and I wasn't sure that I got the answer, don't you determine whether or not a court has subject matter jurisdiction at the time that the complaint is filed? In other words, if you don't have, say, diversity on the day that the complaint is filed and then you subsequently get diversity during the pendency of the suit, that doesn't somehow retroactively create jurisdiction, right? Well, I... Her question was, don't you determine jurisdiction with regard to exhaustion, with regard to diversity on the date that the complaint is filed? Well, that is typically yes, and what we would say is because of the fact that there was a dismissal in Bolter 1 for lack of subject matter jurisdiction for failure to exhaust administrative remedies, then our approach was obviously that the plaintiffs have to exhaust their administrative remedies in order for the district court to have subject matter jurisdiction. The reason that you've had four cases filed is because of the tolling doctrine that's set forth in the Colorado statute that I talked about. Sure, and that might be perfectly valid to toll the statute of limitations in order to avoid expiration of limitations period, but we're still stuck with res judicata on Bolter 1, and if Bolter 1 said that there was no subject matter jurisdiction, rightly or wrongly because of the rationale that you have to go to the commission, and if the commission says it has no jurisdiction, then the commission says it has no jurisdiction, that may or may not somehow question that, you know, the wisdom of that, but that is what the court said. It is res judicata, but in order to forestall the limitation period, understandably what you do, you keep filing these new suits, but the problem is that you still have the problem that there was no jurisdiction on day one when Bolter 1 was filed, and so you can't retroactively solve this exhaustion problem by exhausting after the fact. Well, the exhaustion has now been completed, and I think what's being... That's not... I understand that, and so... Not relevant. We told you in the last case, this court said in what I'll call Bolter 5, that Bolter 1, the first case where the jurisdiction was decided, was the final decision on that, and that there could be no future litigation on the jurisdiction issue. Nevertheless, you brought this case and argued that there was an intervening change in the law, which might change the jurisdiction determination, and what I'm saying to you is that's the issue before this appeals court now, is was there an intervening change in the law, and regardless of whether that's important to you now or you think it may be moot, that's the issue before this court, and the issue is not whether you've exhausted and can move forward with what you were trying to do back in Bolter 1. Well, I think in light of this court's prior decision, we recognize that, but I think we... The reasons we were refiling these cases in the first place was because we had to, under the statute, in order to toe the statute of limitations. That's the reason we filed Bolter 2, Bolter 3, and Bolter 4, and we said that to each of the district courts, and then we're trying to... I'm assuming this explanation that you're giving me now is going to that it shouldn't be a dismissal with prejudice. Is that what we're talking about now? Yes. Remember, the dismissals in Bolter... I'm trying to focus your argument because it really is helpful if it's focused. So we're moving now to the with or without prejudice form, and you are arguing, I guess, that it can't be treated as a sanction because you had a good faith reason for refiling. Am I accurately understanding your argument? That's correct. Okay. Based upon the Colorado statute that we cited and the Colorado Court of Appeals decisions, that's the reason we filed the additional three cases. And during that time period, we were trying to exhaust our administrative remedies, and finally we're successful in doing that. And our position is that because the district court in this case, his dismissal of this case was based upon a lack of subject matter jurisdiction, the district court did not give any indication that he was dismissing it with prejudice as any kind of sanction against the plaintiffs. He didn't make any statement about that. The district court in this case did not address our stated reasons as to whether or not it was appropriate for the plaintiffs to rely upon Colorado revised statute 1380-111. He didn't say anything about it. He didn't address the Colorado Court of Appeals decisions. But unlike the dismissals in Bolter I, Bolter II, and Bolter III, all of which were dismissed without prejudice, for whatever reason, the district court in this case dismissed the case with prejudice, and we believe that was reversible error, as we said, based upon primarily the Preriton decision, which specifically says, a long-standing line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice, and that's what happened here. And so that was raised in our opening brief, and I understand your Honor's focus on this with respect to the fact that it may be that we're going to have to go back and file another new case now that we've exhausted our administrative remedies, but we do believe the district court erred in dismissing this case without prejudice, without explanation, I might add. And the other thing I might add is, when this matter was in front of the Commission, the Commission itself, and this matters, I think, for this issue, the Commission itself ruled that the only with prejudice part of the district court's decision in this case was the with prejudice as to the plaintiff's duty to exhaust their administrative remedies with the Commission. That's what the district court was focused on in its order of dismissal in this case. The Commission ruled that that was not res judicata as to the plaintiff's claims on the merits, and the district court in this case did not in any way address the merits of the plaintiff's appraisal contract claims. I believe my time is up. Thank you. All right. Good morning, and may it please the Court. I'm Teresa Warden-Benz, appearing on behalf of This Court can affirm on issue preclusion for the same reason it affirmed in Bolter 2 and 3 just this summer. Plaintiffs, once again, as this Court has identified, filed this lawsuit without first exhausting their administrative remedies, and they also have failed to identify an intervening change in the law that would allow them to avoid the preclusive effect of Bolter 1. Isn't the change in law obvious? It's a court saying, you have to go to the Commission in order to exhaust this claim. They go to the Commission, and the Commission says, we have no jurisdiction over this claim. Why isn't that a clear change in the law? It's not a change in the governing law as to the step that Bolter 1 focused on, because Bolter 1 focused on the first step, going to the Commission to determine jurisdiction. Airport Land and Tarot didn't have anything to do with that step. It had to do with the second step of, does the Commission have jurisdiction? Is there a bona fide dispute of contract? The fact that plaintiffs have to go to the Commission first, that's part of Colorado statutory law. The statute says the Commission shall determine. You actually have to exhaust a claim before an administrative tribunal that expressly says it has no jurisdiction over that. That just seems such an anomaly. That's what the Colorado statute requires. The Colorado legislature made a policy decision that the first stop should be the Commission for the Commission to decide, is there a bona fide dispute of contract interpretation? If there is, the plaintiffs have exhausted, and they can move on and file the case in district court. Airport Land didn't change that analysis whatsoever. It was always supposed to be the first stop, is go to the Commission. Plaintiffs could have done that, and that's one of the core issues with respect to the dismissal with prejudice. Let's turn to the dismissal with prejudice. Our case law is pretty clear. If you dismiss for lack of jurisdiction, it's got to be without prejudice. If you're arguing now that it was a sanction, but your motion didn't ask for a sanction, the only sanction asked for was that they can't file without leave. But there was certainly not a sanction that they can never file. And we have case law that says that you can't dismiss with prejudice without going through a pretty detailed analysis under a set of factors called the Ehrenhaus factors. The district court didn't even fly by those factors, never indicated this was a sanction. I mean, isn't it pretty clear we need to remand for this to be entered without prejudice? Alternatively, the court could remand for additional findings as to why the court dismissed with prejudice. Why would we do that? Because it wasn't a mistake. I don't think the court mistakenly dismissed with prejudice. But I thought, are you disagreeing with Judge McHugh's premise that the court dismissed for the same reason that it dismissed in Bolter 1 that there was no subject matter jurisdiction because it had not been exhausted when the complaint was filed? That's correct. So why do we need clarification? It was either jurisdictional or it wasn't. And if it was jurisdictional, then, I mean, we can ask them for explanation, but can you think of one? I mean, I can't think of any. The way that the district court ended the opinion, it said that a party who believes a district court wrongfully dismissed its case has a number of options. Move for reconsideration. Appeal. That's something they decided not to do in Bolter 1. What a party can't do is what the plaintiffs did here is keep filing the same case three more times without fixing the jurisdictional defect. There is something sanctionable there. Yeah, and you had moved for sanctions, I think, and then went through it. And so when the court was saying what you can't do is file these seriatim complaints, frankly, let's just entertain that on its merits. Why not? They have an obvious explanation that they are trying to continue to toll the limitations period. They're up front about it. They tell the judges that. They tell us that. They tell you that. Why is that sanctionable? Because their interpretation of the revival statute 13-80-111 isn't supported by the law. Well, I might agree with you, but making a bad legal argument typically isn't sanctionable by dismissing the case with prejudice. When a party continues to refile the same identical action, and I know most of the case law in the circuit and others dealing with the refiling of the same identical action and getting it dismissed over and over again is by a pro se litigant, because that may happen. You wouldn't expect an experienced counsel to keep filing the same case without fixing the jurisdictional defect. There's no mystery that they needed to go to the commission. They eventually did go to the commission. The district court never even mentions the word sanction. It never mentions the factors that you must consider before you dismiss with prejudice in this circuit. To me, it seems like a pretty far leap for us to say, oh, well, the court must have meant this to be a sanction. Maybe if you had a pending motion, but you had a motion which wasn't asking for, of course, dismissal with prejudice. You withdrew that motion. There's nothing pending. The district court doesn't go through the Aaron House factors. The district court doesn't use the word sanctions. The district court doesn't indicate in any way it's imposing this as a sanction. There just doesn't seem to be any reason for us to remand for the district court to somehow bolster non-findings about sanctions. The court does have the inherent authority to sanction, so even without a motion pending or a motion brought at all, the court could sanction. But there's nothing to indicate that's what it was attempting to do here is my point. There's just no facts to indicate that. When you look at the record, the Aaron House factors are met here. Are you asking us to, in the first instance, or through the record and apply, try to figure out the Aaron House factors? We argued them in our brief. I know you argued them in your brief, but I don't think the record's clear on the in and out. Frankly, we weren't sitting there. I mean, the person who is on the front line for determining when sanctions, and particularly this sanction, which is the atomic bomb of sanctions, should be imposed is the trial judge. And the trial judge at least gave them a warning and gave some explanation, and it's this refiling of what sort of amounts to a frivolous lawsuit. If, for instance, a party would have... They have a justification for it, and you've heard that justification, and you've heard it in the past, and they believe it's necessary to preserve their right to file this and not run past a statute. They have a justification. If the district court was deciding this on a basis of sanctions, it would have had to talk about that. It would have had to reason through that and decide that basically it was willful misconduct for this kind of an egregious sanction. And there was just nothing like that here. It's not that they don't have some rationale for it. Clearly, the district court was irritated, but that's not enough for us to say, well, here, have a second try at it. And it has to be clear and convincing evidence also. I mean, you know, it's a pretty steep hill to climb, and for us to do it, you know, I'm not inclined to take that on. We agree it's a steep hill to climb and that it would have been better if the district court had given some reasons as to why there was a dismissal with prejudice, other than the conclusion that what the plaintiffs were doing wasn't proper. But looking at those Erin House factors again, there is a high degree of prejudice. Four district courts can dismiss this case. This is the third appeal, the second oral argument. And if the district court had done that analysis and had told us that, one, it was imposing a sanction, and two, it had carefully analyzed these factors and it found by clear and convincing evidence that this was willful misconduct, we'd be there. But none of that is in this record. The facts, though, are in this record. If, for instance, a plaintiff were to file in federal court using diversity jurisdiction and the court determined it was dismissal because there wasn't true diversity jurisdiction, and then they said, well, I'm not going to cure it, I'm not going to go back to state court, for instance, where there would be jurisdiction, or appeal it and say, I think I have diversity jurisdiction, I'm just going to refile the same complaint, again, under the revival statute, and say that's the reason I'm refiling is because there's a revival statute. And then it gets dismissed again. And again, keep refiling to try and toll under my interpretation of this statute, and at the same time, I'm trying to fix my diversity issue. They didn't file before the commission until the district court had dismissed Bolter I, Bolter II, and it was on the eve of the dismissal of Bolter III. So that's not showing reasonable diligence that the revival statute requires. Moreover, it's far outside the 90 days that the revival statute gives a grace period to fix the mistake. They had a curable defect. They were told what it was by Bolter I, and they didn't attempt to fix it then. And they also, the way to extend the statute of limitations and to preserve the arguments they've made throughout all of these cases would be to appeal Bolter I and make those arguments to this court. And then if they're wrong, they could have used the revival statute to pursue Bolter II, and in the meantime, could have exhausted their remedies at the same time. They chose none of those options. Everything you're saying, I don't have disagreement with it. I probably wouldn't interpret that statute the same way they did, but we don't have a decision from the district court even telling us this was done as a sanction, let alone that the court found by clear and convincing evidence that it was willful misconduct under the Ehrenhaus factors. So I really feel like we can't give you the relief you want. At the very least, though, this case does have to be dismissed, and this court could also consider the alternative grounds we offered, which is the Rule 12b-6 dismissal. It's a legal question, and it may have also animated the district court's dismissal with prejudice. But we could only do that if, yeah, I guess you're saying in the alternative, because if we decide that the court had no jurisdiction, then we can't entertain a 12b-6 motion. Yes, that's only if the court had jurisdiction. That would be an alternative basis to affirm with prejudice. I think you've convinced us that there was no subject matter jurisdiction. And unless the court has further questions, we'd ask for you to affirm with prejudice, but at the very least, it's clear that the case needs to be dismissed for the same reasons as Bolter 2 and 3, for failure to overcome issue preclusion and failure to exhaust the remedies before filing the complaint. Thank you. Thank you. Allie, I think the appellant's out of time, aren't they? Okay, thank you. Well presented. This matter will be submitted.